THE STATE BANK OF SYRACUSE, ˙RESPONDENT, *v.*
ANDREW GILL AND ADELAIDE C. GILL, APPELLANTS.

*Affidavit of merits — when it is defective.*

An affidavit of merits in which the defendant states that "he has a good and
valid defense to the whole of the *plaintiff's claim as set forth in said complaint*
upon the merits thereof," is defective and insufficient; it should state that the
defendant "has a good and substantial defense on the merits in this cause."

An affidavit is also defective which fails to state that the counsel, whose advice
is sworn to, is the counsel of the defendant in the action in which the affidavit
is made.

APPEAL from an order of the Herkimer Special Term, denying
a motion to change the place of trial.

The defendant, Andrew Gill, stated in his affidavit, among other
things, "that he has fully and fairly stated the case herein, and all
the facts and circumstances relating thereto, to his counsel, Robert
Sewell, Esq., who resides at No. 68 West Forty-fifth street, in the
city of New York, and has disclosed all the facts which he expects
to prove by each of the witnesses hereinafter named, and that he
and the defendant, Adelaide C. Gill, and each of them, have a good
and valid defense to the whole of the plaintiff's claim as set forth
in said complaint upon the merits thereof, as he and she are advised
by their said counsel, and as he and she each of them verily believes."

An affidavit was also made by Robert Sewell, Esq., to the effect
"that he is an attorney and counselor at law; that he resides at 68
West Forty-fifth street, in the city of New York, and that the defend-
ant, Adelaide C. Gill, has fully stated to this deponent all the facts
respecting this case, and her defense therein; that he has been
retained by her as her counsel, and that he has advised her upon the
statement of facts aforesaid, and upon his own knowledge of the
case, that she has a valid defense upon the merits to the whole of
plaintiff's claims herein as he verily believes."

*Robert Sewell*, for the appellants.

*G. Doheny*, for the respondent.

SMITH, J.:

There is no sufficient affidavit of merits in this case. The affi-
davit of the defendant, Andrew W. Gill, alleges that each of the

defendants "has a good and valid defense to the whole of the plaintiff's *claim as set forth in said complaint* upon the merits *thereof*," etc. The affidavit made by Mr. Sewell, purporting to be in behalf of the defendant, Mrs. Gill, she being absent from the State, alleges that she has a "valid defense upon the merits to the whole of plaintiff's *claim herein*," etc. Neither of these is a compliance with what the rule and practice require, to wit: that the defendants have "a good and substantial defense on the merits in this cause," etc (See form of affidavit of merits in note to *Brittan* v. *Peabody*, 4 Hill, 66.) In *Meech* v. *Calkins* (4 Hill, 534), which was an action of debt on bond, an affidavit that the defendant has "a good and substantial defense to *the bond*," etc., was held defective in not stating a defense *on the merits*. In *Durant* v. *Cook* (1 How. Pr., 45) the affidavit stated that the defendants have "a good and substantial defense upon the merits in the above entitled cause *to the promissory note* on which the action is brought," etc. Held, bad. So in *Howe* v. *Hasbrouck* (1 How. Pr., 67), the averment being that the defendant has "a good, valid and sufficient defense upon the merits in the above entitled cause *to the plaintiff's declaration* filed in this suit," etc. Also in *Mason* v. *Moore* (2 How. Pr., 70), where the affidavit stated that the defendants have "a good and substantial defense upon the merits to the plaintiff's *demand* on the *promissory note* on which this action is brought," etc. Rule 24 applies only to the case of an affidavit made to obtain an order extending a defendant's time to answer or demur; and the last clause of section 980 of the Code of Civil Procedure, makes a verified answer equivalent to an affidavit only for the purpose of preventing an inquest. Each of the affidavits in this case is also defective in not stating that the counsel, whose advice is sworn to, is the counsel of the defendant *in this action*. The affidavit made in behalf of Mrs. Gill is further defective in the several particulars specified by the plaintiff's counsel in subdivisions (*c*), (*d*) and (*f*) of his third point, which need not be referred to more particularly.

The order is affirmed with costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Order denying motion to change place of trial affirmed, with ten dollars costs and disbursements.